United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY WASHINGTON,

    Plaintiff,

v.

JEANNE WOODFORD,
etc.; et al.,

    Defendants.
_____/

No. C 05-2889 SI (pr)

**ORDER OF DISMISSAL**

### INTRODUCTION

Henry Washington, formerly an inmate at Salinas Valley State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

### BACKGROUND

Prisoners in California Department of Corrections facilities are subject to a classification process that attempts to "take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/facility's program and security missions and public safety." Cal. Code Regs. tit. 15, § 3375(b). The process assigns numeric values for various factors (such as the commitment offense, prior criminal activity, in-prison disciplinary history, age, and gang affiliation), and the inmate is assigned to

a facility based on his classification score, generally with a higher score resulting in placement in a more restrictive facility. In addition to numeric values, the classification process allows for special suffixes to be attached to the inmate's classification score. An "R" suffix is added for an inmate who has committed a sex offense and an "S" suffix is added for an inmate who needs single-cell housing. See Cal. Code Regs. § 3377.1(b).

In this action, Washington complains that his administrative appeal regarding his classification score – which included an "R" suffix – was not properly handled. Washington alleges that CDC director Woodford allowed her inmate appeal staff members "to intentionally deny petitioner appeal rights" that Washington allegedly has under the federal and state constitutions and the California Code of Regulations. Complaint, p. 3. Washington further alleges that the classification problem that was the subject of his appeal caused him to receive additional classification points which increased his score and caused his transfer to a higher security facility.

Although Washington does not describe in his complaint the nature of the problem that was the subject of the inmate appeal, the exhibits to the petition disclose that Washington was appealing to have removed from his classification score the "R" suffix because it caused him to be subjected to more restrictive conditions of confinement.[1] His argument was that the "R" suffix had not been added to his classification score within the time limits in the regulations and therefore could never be added to his score.

The exhibits to the complaint indicate that Washington's inmate appeal was rejected as untimely by the CDC inmate appeals branch and that Washington filed a state habeas petition challenging the rejection of his inmate appeal. In Washington's state habeas action, the deputy attorney general representing the respondent wrote to the court indicating that Washington was correct that his inmate appeal was improperly denied as untimely and invited Washington to file another inmate appeal. See Petition, Exh. B. The day after that letter was written, the superior

---

[1] Under the regulations, an "R" suffix "shall be affixed by a classification committee to the inmate's custody designation to alert staff of inmates who have a history of specific sex offenses." Cal. Code Regs. tit. 15, § 1177.1(b). The specific sex offenses that support an "R" suffix include rape. Id. at § 3377.1(b)(1)(B).

2

court denied Washington's habeas petition. In the order denying the petition, the court explained: "Petitioner contends that the Classification Committee at Avenal State Prison improperly affixed an 'R' suffix to his status based on his prior convictions involving rape. Petitioner does not dispute the prior convictions. Rather, Petitioner contends that 15 C.C.R. § 3377.1 required the Classification Committee to affix any 'R' suffix within six months of his reception at the prison. As the 'R' suffix was affixed after this deadline's expiration, Petitioner contends that the 'R' suffix must be removed." Complaint, Exh. B (Order filed May 26, 2005 in In re. Henry Washington, Monterey County Superior Court No. HC 05033.) The court determined that the "R" suffix was properly attached because the regulations allowed the senior custodial official at an institution to "increase the custodial classification of an inmate at any time he or she believes such action is necessary to protect the security and good order of the institution." Id., quoting Cal. Code Regs. tit. 15, § 3272.

## DISCUSSION

A.   Standards For Initial Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.      <u>No Due Process Violation In The "R" Suffix For Washington</u>

Although Washington did not plead a due process claim concerning his classification score, leave to amend will not be granted to plead such a claim because it would be futile.

There is no due process right to a particular classification score. Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. See <u>Meachum v. Fano</u>, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. See <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing <u>Moody v. Dagget</u>, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See <u>Sandin</u>, 515 U.S. at 477-87. Although California has created a regulatory scheme from which a protected liberty interest in classification and custody designation might arise, the liberty in question is not protected by the Due Process Clause because the deprivation of a correct classification or custody designation cannot be characterized as one of "real substance," i.e., it does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>Sandin</u>, 515 U.S. at 484, or "inevitably affect the duration of [a] sentence," <u>id.</u> at 487.

Although classification in general does not implicate an inmate's due process rights, an inmate may have a protected liberty interest in avoiding being labeled as a sex offender because the consequences of that particular classification may amount to an atypical and significant hardship by, for example, subjecting him to sex offender registration laws and sex offender treatment programs. <u>See</u> <u>Neal v. Shimoda</u>, 131 F.3d 818, 829 (9th Cir. 1997). However, merely identifying the liberty interest implicated by the sex offender label does not end the inquiry

4

because the court must then determine what procedural protections are due before the label may be attached. Id. at 830. Significantly, Neal determined that there was no due process violation in labeling an inmate as a sex offender when he had been convicted of a sex offense. "An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process. Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." Id. at 831. That occurred here, so there was no due process violation in adding to Washington's classification score the "R" suffix that indicated he had a sex crime history. As the state habeas court noted, Washington did not dispute that he had the requisite sex offense conviction. Washington's criminal case provided the procedural protections necessary before the prison officials could label him as a sex offender.

The fact that the "R" suffix allegedly was not added to Washington's classification score within the time frame provided by the state regulations does not make it a federal due process violation. A violation of the state's regulation is not actionable under 42 U.S.C. § 1983.

C.     No Claim Stated For Problems In The Inmate Appeal

The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides

procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Washington had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. The claims concerning the handling of the administrative appeals are dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile. This action is dismissed. The clerk shall close the file.

IT IS SO ORDERED.

Dated: November _14__, 2005

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY WASHINGTON,

    Plaintiff,

v.

JEANNE WOODFORD, etc.; et al.,

    Defendants.

No. C 05-2889 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Henry Washington, formerly an inmate at Salinas Valley State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Prisoners in California Department of Corrections facilities are subject to a classification process that attempts to "take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/facility's program and security missions and public safety." Cal. Code Regs. tit. 15, § 3375(b). The process assigns numeric values for various factors (such as the commitment offense, prior criminal activity, in-prison disciplinary history, age, and gang affiliation), and the inmate is assigned to

a facility based on his classification score, generally with a higher score resulting in placement in a more restrictive facility. In addition to numeric values, the classification process allows for special suffixes to be attached to the inmate's classification score. An "R" suffix is added for an inmate who has committed a sex offense and an "S" suffix is added for an inmate who needs single-cell housing. See Cal. Code Regs. § 3377.1(b).

In this action, Washington complains that his administrative appeal regarding his classification score – which included an "R" suffix – was not properly handled. Washington alleges that CDC director Woodford allowed her inmate appeal staff members "to intentionally deny petitioner appeal rights" that Washington allegedly has under the federal and state constitutions and the California Code of Regulations. Complaint, p. 3. Washington further alleges that the classification problem that was the subject of his appeal caused him to receive additional classification points which increased his score and caused his transfer to a higher security facility.

Although Washington does not describe in his complaint the nature of the problem that was the subject of the inmate appeal, the exhibits to the petition disclose that Washington was appealing to have removed from his classification score the "R" suffix because it caused him to be subjected to more restrictive conditions of confinement.[1] His argument was that the "R" suffix had not been added to his classification score within the time limits in the regulations and therefore could never be added to his score.

The exhibits to the complaint indicate that Washington's inmate appeal was rejected as untimely by the CDC inmate appeals branch and that Washington filed a state habeas petition challenging the rejection of his inmate appeal. In Washington's state habeas action, the deputy attorney general representing the respondent wrote to the court indicating that Washington was correct that his inmate appeal was improperly denied as untimely and invited Washington to file another inmate appeal. See Petition, Exh. B. The day after that letter was written, the superior

---

[1] Under the regulations, an "R" suffix "shall be affixed by a classification committee to the inmate's custody designation to alert staff of inmates who have a history of specific sex offenses." Cal. Code Regs. tit. 15, § 1177.1(b). The specific sex offenses that support an "R" suffix include rape. Id. at § 3377.1(b)(1)(B).

2

court denied Washington's habeas petition. In the order denying the petition, the court explained: "Petitioner contends that the Classification Committee at Avenal State Prison improperly affixed an 'R' suffix to his status based on his prior convictions involving rape. Petitioner does not dispute the prior convictions. Rather, Petitioner contends that 15 C.C.R. § 3377.1 required the Classification Committee to affix any 'R' suffix within six months of his reception at the prison. As the 'R' suffix was affixed after this deadline's expiration, Petitioner contends that the 'R' suffix must be removed." Complaint, Exh. B (Order filed May 26, 2005 in In re. Henry Washington, Monterey County Superior Court No. HC 05033.) The court determined that the "R" suffix was properly attached because the regulations allowed the senior custodial official at an institution to "increase the custodial classification of an inmate at any time he or she believes such action is necessary to protect the security and good order of the institution." Id., quoting Cal. Code Regs. tit. 15, § 3272.

## DISCUSSION

A.   Standards For Initial Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   No Due Process Violation In The "R" Suffix For Washington

Although Washington did not plead a due process claim concerning his classification score, leave to amend will not be granted to plead such a claim because it would be futile.

There is no due process right to a particular classification score. Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Dagget, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87. Although California has created a regulatory scheme from which a protected liberty interest in classification and custody designation might arise, the liberty in question is not protected by the Due Process Clause because the deprivation of a correct classification or custody designation cannot be characterized as one of "real substance," i.e., it does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484, or "inevitably affect the duration of [a] sentence," id. at 487.

Although classification in general does not implicate an inmate's due process rights, an inmate may have a protected liberty interest in avoiding being labeled as a sex offender because the consequences of that particular classification may amount to an atypical and significant hardship by, for example, subjecting him to sex offender registration laws and sex offender treatment programs. See Neal v. Shimoda, 131 F.3d 818, 829 (9th Cir. 1997). However, merely identifying the liberty interest implicated by the sex offender label does not end the inquiry

4

because the court must then determine what procedural protections are due before the label may be attached. Id. at 830. Significantly, Neal determined that there was no due process violation in labeling an inmate as a sex offender when he had been convicted of a sex offense. "An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process. Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." Id. at 831. That occurred here, so there was no due process violation in adding to Washington's classification score the "R" suffix that indicated he had a sex crime history. As the state habeas court noted, Washington did not dispute that he had the requisite sex offense conviction. Washington's criminal case provided the procedural protections necessary before the prison officials could label him as a sex offender.

The fact that the "R" suffix allegedly was not added to Washington's classification score within the time frame provided by the state regulations does not make it a federal due process violation. A violation of the state's regulation is not actionable under 42 U.S.C. § 1983.

C. No Claim Stated For Problems In The Inmate Appeal

The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides

5

procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Washington had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. The claims concerning the handling of the administrative appeals are dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile. This action is dismissed. The clerk shall close the file.

IT IS SO ORDERED.

Dated: November _14__, 2005

_____
SUSAN ILLSTON
United States District Judge